fails to reveal any specific and articulable facts and rational inferences therefrom that would reasonably warrant the stop. Driving slowly on a rural gravel road in the early morning, coming to a stop when quickly approached from behind by another vehicle, and motioning the approaching vehicle to go around with adequate room to do so does not constitute "unusual conduct" leading reasonably to a conclusion that criminal activity is taking place. There was no indication Cardwell's vehicle was in any way disabled or that Cardwell was in need of help. In fact, Cardwell waved the officer on.

Even considering all evidence and reasonable inferences in the light most favorable to the trial court's ruling, there is nothing in the record indicating that Sergeant Huffman had reasonable suspicion that illegal activity had occurred or was occurring. Circumstances that may stimulate mere curiosity are insufficient to permit an investigatory stop.

The judgment of the trial court convicting Cardwell of driving while intoxicated is reversed.

All concur.

**T.S.G., Petitioner/Respondent,**

**v.**

**T.P., Respondent/Appellant.**

**No. ED 100634**

Missouri Court of Appeals,
Eastern District,
**DIVISION FIVE.**

Filed: January 13, 2015

T.S.G., Pro Se.

T.P., Pro Se.

Before Angela T. Quigless, C.J., Roy L. Richter, J. and Lisa S. Van Amburg, J.

### ORDER

PER CURIAM

T.P. appeals pro se from the trial court's judgment granting a full order of protection against her, pursuant to Missouri's Adult Abuse Act, sections 455.010 through 455.090, R.S.Mo. (2000).

We have reviewed the briefs and the record on appeal. No error of law appears. An opinion reciting the detailed facts and restating the principles of law would have no precedential value. However, the parties have been furnished with a memorandum, for their information only, setting forth the reasons for our decision.

We affirm the judgment pursuant to Rule 84.16(b).